**Weizi LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71909.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Jan. 9, 2007.

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Paisner, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Office of the District Director, Hagatna, GU, for Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Weizi Lin, a citizen of the People's Republic of China, entered the United States through Guam and requested asylum and withholding of removal because of persecution by the Chinese government for non-compliance with its one-child policy. The IJ denied Lin's requested relief, finding that Lin and his wife consented to his wife's tubal ligation. The BIA affirmed without opinion. Lin now appeals the finding that his wife was voluntarily sterilized. We have jurisdiction to review Lin's petition pursuant to 8 U.S.C. § 1252, and we grant the petition.

 The IJ expressly found Lin credible and that Lin's wife had been sterilized, but found that both had agreed the wife would undergo the surgery. This latter finding is not supported by substantial evidence. *See Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004).

The administrative record compels the contrary finding that Lin's wife did not voluntarily undergo the tubal ligation. Lin's wife went to the hospital after years of fines for violating China's family planning policy by having four children (three more than allowed), loss of their home, and running away after the birth of their second child and again after the birth of their fourth child until the government notified her that it was enforcing its sterilization policy on her. There is no evidence in the record that she would have been sterilized, but for the government notification, fines, and penalties for non-compliance with its family planning policy.

The IJ's analysis misapprehends what a forced medical procedure is. Even if Lin was happy because he finally had a boy, that is irrelevant to the question whether Lin's wife was forced to undergo the sterilization procedure because of China's coercive family planning policy.

 Because we conclude that the evidence compels the conclusion that Lin's wife was involuntarily sterilized, a remand under *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), is not necessary. Lin is automatically eligible for asylum, *see He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003) (holding that the ordinary remand rule is unnecessary when the applicant is statutorily eligible for asylum based on the forced sterilization of his wife), and withholding of removal, *see Qu v. Gonzales*, 399 F.3d 1195, 1203 (9th Cir. 2005) (holding petitioner whose wife was involuntarily sterilized in accordance with a country's coercive population control policy is entitled to withholding of removal as a matter of law, therefore remand to the BIA is unnecessary). "We therefore remand to the BIA, which shall, on behalf of the Attorney General, exercise discretion regarding whether to grant asylum." *Ding v. Ashcroft*, 387 F.3d 1131, 1140 (9th Cir.2004).

Petition **GRANTED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.